**IN RE: PETROBRAS SECURITIES**
**Litigation**

**This Document Applies to: ALL CASES**

**14-cv-9662 (JSR)**

United States District Court,
S.D. New York.

Signed June 24, 2016

---

Jeremy Alan Lieberman, Pomerantz LLP, New York, NY, Matthew L. Mustokoff, Kessler Topaz Meltzer & Check, LLP, Radnor, PA, for Plaintiffs.

Lewis J. Liman, Roger Allen Cooper, Cleary Gottlieb, Jay B. Kasner, Scott. D. Musoff, Jeremy A. Berman, Skadden, Arps, Slate, Meagher & Flom LLP, Richard Mark Strassberg, Daniel Prugh Roeser, Goodwin Procter, LLP, Israel Dahan, King & Spalding LLP, Elkan Abramowitz, Edward M. Spiro, Morvillo, Abramowitz, Grand, Iason, & Anello P.C., New York, NY, Michael Pauze, King & Spalding LLP, Washington, DC, for Defendants.

## MEMORANDUM ORDER

JED S. RAKOFF, United States District Judge.

Defendants in this consolidated class action and numerous parallel individual actions seek a stay of all proceedings in all these actions until the Court of Appeals for the Second Circuit resolves their interlocutory appeal on the issue of class certification in the class action. Plaintiffs in both the class action and the individual actions oppose. Upon consideration of the parties' letter briefing, which will be docketed with this Order, the Court denies defendants' request for the reasons that follow, not least of which is the severe burden it will impose on this Court in managing a complex litigation of which the class action is but one, arguably secondary piece.

The general details of this case are set forth in the Court's Opinion dated July 30, 2015, familiarity with which is here presumed. In brief, plaintiffs allege that defendant Petróleo Brasileiro S.A.—Petrobras ("Petrobras") was at the center of a multi-year, multi-billion dollar bribery and kickback scheme, in connection with which defendants, including various former officers and directors of Petrobras and its subsidiaries (the "Individual Defendants"), Petrobras's independent auditor, PricewaterhouseCoopers Auditores Independentes ("PwC"), and the various underwriters of Petrobras's debt offerings (the "Underwriter Defendants"), made false and misleading statements in violation of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

On February 2, 2016, this Court certified two classes. See Opinion and Order dated Feb. 2, 2016, ECF No. 428. Beforehand, however, no fewer than 27 substantial entities, such as pension funds, institutional investors, and others, had "opted out" of the class action and brought their own, individual actions. Defendants, pursuant to Fed. R. Civ. P. 23(f), filed a motion in the Second Circuit for leave to appeal from the class certification. On June 15, 2016, the Second Circuit granted defendants' Rule 23(f) petition and expedited their appeal. See Order dated June 15, 2016, Petroleo Brasileiro S.A. Petrobras v. Universities Superannuation Scheme Ltd., No. 16–463, 31 FCC Rcd. 3909 (2d Cir. June 15, 2016), ECF No. 120. None of this directly related, however, to the 27 parallel individual actions. Nevertheless, defendants now request a stay of proceedings in all these consolidated actions.

Although Fed. R. Civ. P. 23(f) allows a court of appeals to permit an appeal from an order granting class certification, "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Under the "traditional" standard for a stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95

L.Ed.2d 724 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify [one]." Nken, 556 U.S. at 434, 129 S.Ct. 1749. In addition, in the Rule 23(f) context, the Second Circuit has stated that "a stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay." Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd., 262 F.3d 134, 140 (2d Cir.2001).

Even if viewed solely in terms of the class action itself, a stay would not meet this standard. But when the stay request is coupled to a request to derail the entire litigation while the Second Circuit considers an issue that only relates to the class action, the arguments for a stay here become even less persuasive.

As to the class action, the first Nken factor is indeterminate here because this Court does not know the Second Circuit's reasons for granting defendants' petition. Defendants' petition raised two issues: first, whether the certification of global classes violates the implicit and express requirements of Fed. R. Civ. P. 23 in light of Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010), and, second, whether plaintiffs satisfied their evidentiary burden to invoke the presumption of reliance under Basic Inc. v. Levinson, 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). The Second Circuit generally only grants a Rule 23(f) petition when "(1) ... the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, or (2) [when] the certification or-

der implicates a legal question about which there is a compelling need for immediate resolution." Sumitomo, 262 F.3d at 139. Here, the second issue raised by defendants is already the subject of two pending appeals before the Second Circuit, see In re Goldman Sachs Group, Inc., No. 16–250; Strougo v. Barclays PLC, No. 16–450, and so the certification may well have implicated a pressing legal question, which would not bear on defendants' likelihood of success. But since this is just a matter of speculation, the first Nken factor weighs in favor of neither party.

■ The second Nken factor weighs in favor of plaintiffs because, even as to the class action itself, defendants will not be irreparably injured if a stay does not issue. Defendants claim that they will be injured in several ways. To begin with, defendants argue that, if the Second Circuit determines that this Court erred on the Morrison issue, the class action "may need to be retried in its entirety." Defendants' Letter dated June 22, 2016, at 2. But defendants do not explain why this would be the case. Were the class to be decertified on Morrison grounds, the named class plaintiffs, who are themselves large entities, represent that they would proceed as individual plaintiffs on their own sizeable claims even without representing the classes, and would therefore continue to trial (along with the 27 large opt-out entities) on what would be largely the same issues regardless of class certification.[1] As such, defendants would not be irreparably injured without a stay, regardless of the Second Circuit's ultimate resolution of the Morrison issue.

---

1. Defendants point out that the Second Circuit might rule that defendants have a right to a jury determination of whether transactions in Petrobras securities were domestic under Morrison. But such a determination would be in addition to the issues already set for trial. Contrary to defendants' claims, a jury determination of domesticity would not require any other issue to be re-litigated.

Defendants also argue that, if the Second Circuit determines that this Court erred on the presumption of reliance issue, the scope of the trial will be significantly altered because "whole swaths of alleged misstatements that no individual or class plaintiff claims to have actually relied on would be eliminated." Defendants' Letter dated June 22, 2016, at 2. This is not correct. Even if the Second Circuit concludes that class plaintiffs failed to carry their evidentiary burden to establish the Basic presumption of reliance for class certification purposes, questions of how defendants' alleged misstatements affected the markets for Petrobras securities will almost certainly still be contested on summary judgment and at trial, in connection with issues of reliance and damages, even if class plaintiffs ultimately proceed as individual plaintiffs. As such, the scope of the trial will not be altered significantly by the Second Circuit's decision on the Basic issue, and any attendant injury to defendants will be minimal.

Further, defendants argue that denial of their stay request would "deprive [them] of the benefits of the Second Circuit's 23(f) grant, and the ability to make an informed decision regarding settlement." Defendants' Letter dated June 22, 2016, at 2. However, the Second Circuit has stated that "parties should not view Rule 23(f) as a vehicle to delay proceedings in the district court." Sumitomo, 262 F.3d at 140. This statement has particular application here where defendants seek to exploit the possibility of a stay for Rule 23(f) purposes into a device for stalling an entire litigation that has evolved into one that is primarily a non-class action. Moreover, as plaintiffs point out, defendants are represented by excellent legal counsel and have offered the opinions of fourteen experts. It is highly unlikely that they are unable to make an informed decision regarding settlement. Accordingly, defendants have failed to show that they will be irreparably injured in the absence of a stay.

■ The third Nken factor also weighs against granting a stay because issuance of the stay would substantially injure the other parties interested in the proceeding. There are 27 parallel individual actions that will go to trial with the class action, regardless of whether it remains a class action. Plaintiffs in all of these cases have worked diligently to abide by this Court's scheduling and case management orders. As mentioned, these 27 individual plaintiffs are large entities—e.g., the Ohio Public Employees Retirement System, PIMCO funds—with sizable holdings in Petrobras securities. Their efforts were driven, in part, by this Court's repeated reminders that the trial date of September 19, 2016, was set in stone. See, e.g., Memorandum Order dated May 5, 2016, at 3-4, ECF No. 585 (denying plaintiffs leave to file a fifth amended complaint in part because of undue delay). Moreover, although the Second Circuit has ordered that defendants' appeal shall be heard as early as September 26, 2016, see Order dated June 16, 2016, Petroleo Brasileiro S.A. Petrobras v. Universities Superannuation Scheme Ltd., No. 16–1914 (2d Cir. June 16, 2016), ECF No. 15, defendants can make no firm representation as to when the Second Circuit will resolve the appeal and issue the mandate. As such, defendants are asking the Court to make plaintiffs in 28 different actions wait for an indefinite period of time. It is notorious that the bane of the American legal process is expensive, dispiriting, undue delay, and in this case, given the relative subordinate position of the class action, the requested stay would serve to magnify these difficulties.

■ The fourth Nken factor also weighs against granting a stay because the public interest would be disserved by granting

**318**

the stay. Without explanation, defendants argue that "[c]onsiderations of judicial economy favor a stay." Defendants' Letter dated June 22, 2016, at 2. This is blatantly incorrect; on the contrary, considerations of judicial economy weigh heavily against granting a stay. The Court has set aside a full two months to try this consolidated group of 28 complicated cases. It was not an easy matter for this judge, who, though on senior status, continues to take a full load of cases, to free up that amount of time. The schedule, moreover, was set in consultation with the parties, all of whom are represented by busy counsel who would have their own scheduling issues if a new trial date had to be set at some uncertain time in the future. More broadly, the public interest is served by the speedy and effective administration of justice, not least in cases of such obvious public interest as this one. The stay here sought would indefinitely delay the consolidated trial of 28 significant cases, only one of which is a class action, and would thereby not only do egregious harm to the ability of this or any other district court to manage its docket in such complex circumstances but would also disserve the strong public interest in the speedy and effective administration of justice.

Accordingly, although the first Nken factor is indeterminate, the latter three factors weigh against granting a stay.

For the foregoing reasons, the Court concludes that the balance of hardships does not remotely tip in favor of defendants. See Sumitomo, 262 F.3d at 140. Defendants' request for a stay is hereby denied.

SO ORDERED.